IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TRACY ANTHONY MILLER,

            Plaintiff

VS.

TYDUS MEADOWS, *et al.*,

            Defendants

NO.  5: 05-CV-29 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Plaintiff TRACY ANTHONY MILLER is an inmate in the custody of the State of Georgia. He has sued numerous individuals alleging that they violated his constitutional rights.  In his complaint, plaintiff sets forth numerous claims including discrimination, retaliation, and violation of his equal protection rights (just to name a few).  Tabs #1 and #4.

Before the court is the defendants' **PRE-ANSWER SPECIAL REPORT TO THE COURT AND PRE-ANSWER MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**.  Tab #10.  In their motion, the defendants argue that the plaintiff's claims must be dismissed because he has "Three Strikes" and is therefore not entitled to *in forma pauperis* (IFP) status. *Id*. The plaintiff filed a response to the defendants' motion. Tab #13.

On March 3, 2005, the undersigned recommended that the defendants' motion be granted. Tab #15.  However, the district judge did not adopt the recommendation because he felt the undersigned had not addressed the plaintiff's claim that his life was in imminent danger.[1]  Tab #19. Thereafter, on April 27, 2005, the undersigned ordered the parties to address plaintiff's contention that he was in imminent danger of serious physical injury.  Tab #20.  After reviewing all parties' responses to the court's order (Tabs #21 and #22), the undersigned finds that the plaintiff has failed to established that he is in imminent danger of serious physical injury.

---

[1] Judge Royal originally adopted the recommendation of dismissal.  Tab #16.  However, upon review of plaintiff's motion for reconsideration, Judge Royal vacated his order adopting the recommendation. Tab #19.

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a civil judgment under section 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. §1915(g).  Moreover, under *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the $250.00 civil filing fee must be paid *prior* to the commencement of a lawsuit or the case must be dismissed. *Id*. at 1236.

A review of court records reveals that the plaintiff has brought numerous civil actions with federal courts in the State of Georgia while incarcerated.  At present, at least three of these complaints have been dismissed as frivolous pursuant to 28 U.S.C. §1915.  *See Miller v. Wetherington, et al,* No. 99-12215-B (11th Cir. February 3, 2000); *Miller v. All Georgia Judges*, *et al,* CV 104-082 (S.D. Ga. July 21, 2004); and *Miller v. Brown, et al.*, CV 604-100 (S.D. Ga. October 7, 2004).

Because the plaintiff has had three prior dismissals and has not shown that he is under imminent danger of serious injury, his motion to proceed *in forma pauperis* must be **DENIED**. Accordingly, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS (Tab #10) be **GRANTED** and that plaintiff's claims **be DISMISSED** *without prejudice.*[2] [3] Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.  The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 13th day of JUNE, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is free to refile his lawsuit provided he first pays the required filing fee.

[3] Also pending before the court are plaintiff's MOTION FOR EMERGENCY PRELIMINARY INJUNCTION (Tab #24) and a document entitled "MOTION TO AMEND SET ASIDE JUDGMENT RULE 60(b) MOTION FOR EMERGENCY PRELIMINARY INJUNCTION PROTECTIVE ORDER TO FORCE STATE OF GEORGIA- DEPARTMENT OF CORRECTIONS TO COMPLY WITH FEDERAL LAWS AND PLACE A VIDEO CAMERA WITH VOICE RECORDER AND DEALING WITH MIDNIGHT SHIFT OFFICER FRCP TITLE TITLE 9 ADA 504 REHABILITATION ACTS PROCEED LFP 195(g) AS OF JUNE 3, 2005 (Tab #25)," and two MOTIONS FOR EMERGENCY PRELIMINARY INJUNCTION (Tab #26 and #27). In light of the foregoing recommendation, said motions should also be **DENIED**.