IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRACY A. MILLER, | : | |
| | : | |
| Plaintiff, | : | 5:05-CV-29 (CAR) |
| vs. | : | |
| | : | |
| TYDUS MEADOWS, et. al., | : | |
| | : | |
| Defendants. | : | |

_____

### *ORDER ON THE REPORT AND RECOMMENDATION*
### *OF THE UNITED STATES MAGISTRATE COURT*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 30] that Defendant's Motion to Dismiss [Doc. 10] be granted. Plaintiff, an incarcerated prisoner, filed his Complaint in this case [Doc. 1] on January 26, 2005 and a subsequent Amended Complaint [Doc. 5] on February 1, 2005. On February 2, 2005, the United States Magistrate Judge opted to hold in abeyance consideration of Plaintiff's motion to proceed *in forma pauperis*, entered an Order for Defendant Tydus Meadows, Warden, to provide the court with information concerning whether Plaintiff was precluded from proceeding *in forma pauperis* by application of 28 U.S.C. § 1915(g), and gave Defendant permission to file a Motion to Dismiss in the event Defendant believed Plaintiff was precluded from proceeding *in forma pauperis* [Doc. 7].

Defendant thereafter elected to file such a motion, and on March 3, 2005, the United States Magistrate Judge entered a Recommendation [Doc.14] that the present action be dismissed. The Magistrate Judge found that Plaintiff was not entitled to proceed *in forma pauperis* under the three strikes provision of the Prison Litigation Reform Act of 1995

("PLRA"), 28 U.S.C. §1915(g). Plaintiff thereafter filed a timely Objection [Doc. 15].

After considering the Recommendation and Plaintiff's Objection thereto, this Court entered an Order on March 25, 2005 [Doc. 16], adopting the United States Magistrate Judge's Recommendation and dismissing the present case. Judgment in favor of Defendants was entered shortly thereafter. However, upon consideration of Plaintiff's motion for reconsideration [Doc. 18] and a renewed consideration of Plaintiff's previous complaints and contentions, this Court agreed that judgment was entered against him prematurely, and this Court's Order adopting the Recommendation of the United States Magistrate Judge was vacated [Doc. 19]. The Court additionally directed that the case again be referred to the United States Magistrate Judge for further consideration.

On April 27, 2005, the United States Magistrate Judge ordered [Doc. 20] the parties to address Plaintiff's contention that he was in imminent danger of serious physical injury. After reviewing the parties' responses [Docs. 21 & 22], the Magistrate Judge recommended [Doc. 30] that Defendant's Motion to Dismiss be granted, finding that Plaintiff failed to establish that he was in "imminent danger of serious physical injury." Plaintiff filed a timely Objection [Doc. 32] to this most recent recommendation. It is now before the Court.

This Court, having considered the matter *de novo*, disagrees with the Magistrate Judge's cursory conclusion and finds that Plaintiff should be permitted to proceed *in forma pauperis* with respect to his allegations of being denied access to adequate physical therapy, medical treatments and/or medical devices. Thus, for the reasons discussed below, the Court **DECLINES**, in part, to adopt the Recommendation of the Magistrate Judge.

      I.      Background Information

In his original Complaint, Plaintiff, a wheelchair-bound inmate with complete paralysis in his right leg and partial paralysis in his left leg, lists numerous complaints. Plaintiff chiefly contends that he is currently being denied medical care as well as accommodation for his disability. He alleges that he is being denied physical therapy and necessary medical devices, such as leg braces and orthopedic shoes. Plaintiff claims that the lack of treatment for his medical condition has led to bed sores and "serious atrophy and deterioration of his spinal condition," and accordingly suffers "vomiting, coughing, bleeding, [and] high blood pressure." In his Complaint, Plaintiff additionally pled that, in his present circumstances, he is defenseless against attacks from other inmates and that he is being subjected to secondhand smoke against his will.

Plaintiff further claimed that he is being exposed to asbestos found in the prison. Plaintiff also pled that he has been placed in a cell too small for his wheelchair and has inadequate access to toilet and shower facilities, and as a result of these conditions, he has been denied the ability to bathe and has been forced to urinate and defecate on himself.

Other claims include conspiracy of prison officials and court officials to deny Plaintiff access to courts; punishment and retaliation by prison officials in the form of placing Plaintiff in isolation, taking away Plaintiff's wheelchair, labeling him as a sex offender and trouble maker, cursing at him, failing to provide Plaintiff with grievance forms in a timely manner, and fabricating disciplinary reports; lack of adequate security officers in the dorm; administering the antibiotic "Ciprofloxacin" without follow-up treatment; denying Plaintiff access to telephones; and, finally, prison overcrowding.

II.     Discussion

The "Three Strikes Rule" of the Prison Litigation Reform Act ("PLRA") of 1995 provides that a prisoner may not bring an action *in forma pauperis*:

> if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA does not prevent a prisoner from filing additional claims; rather, it precludes the prisoner's ability to obtain *in forma pauperis* status after the third strike. Gibbs v. Cross, 160 F.3d 962, 965 (3rd Cir. 1998).

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed *in forma pauperis*. According to the Eleventh Circuit in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the Plaintiff's complaint, which must be construed liberally and the allegations of which must be accepted as true. See id.; see e.g., McAlphin v. Toney, 281 F.3d 709 (8th Cir. 2002).     General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Id. The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding allegations insufficient to overcome

4

three strikes rule where forced to work outside in inclement weather on two occasions several months apart with only a general allegation that defendants were trying to kill plaintiff by forcing him to work with a blood pressure condition). Vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998).

A claim by a prisoner that he faced a past imminent danger is also an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint). In addition, several circuits have concluded that the requisite danger must exist at the time the complaint is filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307 (3rd Cir. 2001) (holding that single incident of being sprayed with pepper spray does not trigger exception); Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (holding that imminent danger that might have been experienced between 1998 and 2000 does not trigger exception in 2002); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (applying exception where prisoner alleged that prison officials repeatedly placed him in proximity to inmates on his enemy alert list and that he was twice attacked by an enemy, once with screwdriver and later with butcher knife); McAlphin v. Toney, 281 F.3d 709, 711 (8th Cir. 2002) (holding that prisoner's alleged need of two additional dental extractions and resulting spreading infection in the mouth is sufficient imminent danger).

Case law pertaining to prisoners with disabilities and ongoing medical conditions

is particularly relevant to this inquiry. In the Eleventh Circuit case of <u>Brown</u>, the prisoner alleged that he had HIV and hepatitis but was prevented from continuing to take prescribed treatments. As a result, the plaintiff suffered prolonged skin and scalp infections, severe pain in the eyes and vision problems, fatigue, and prolonged stomach pains and was at risk for "opportunistic infections, such as pneumonia, esophageal candidiasis, salmonella, and wasting syndrome." 387 F.3d at 1350. According to the Eleventh Circuit, "[v]iewed together, the afflictions of which [the plaintiff] currently complains, including his HIV and hepatitis, and the alleged danger of more serious afflictions if he is not treated constitute imminent danger of serious physical injury." <u>Id</u>; <u>see</u> <u>also</u> <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 330 (7th Cir. 2003) (applying exception in response to allegations that denial of medication for bipolar disorder, attention deficit hyperactivity disorder, and panic disorder caused prisoner to suffer heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in his legs and back); <u>Fuller v. Myers</u>, 123 Fed.Appx. 365, 366-367 (10th Cir. 2005) (applying exception where prisoner suffered from breathing difficulties and other respiratory problems and had been under treatment of physician for this problem for more than twenty years, including the use of prescribed inhaler when ventilation system exacerbated his breathing difficulties and caused severe headaches and nose bleeds).

  In this case, a review of court records reveals that Plaintiff has brought numerous civil actions with federal courts in the State of Georgia while incarcerated. Indeed, Plaintiff attached to his Complaint a list of twenty-three cases he filed between 1992 and 2001 alone. Plaintiff does not contest the fact that at least three of his lawsuits have been

dismissed as being frivolous, malicious or failing to state a claim upon which relief may be granted pursuant to § 1915.[1] Therefore, in order to proceed *in forma pauperis*, Plaintiff must now allege that he is "under imminent danger of serious physical injury." See 28 U.S.C. § 1915(g).

Obviously, frequent filers such as Plaintiff may sometimes make meritless allegations of imminent danger so that they can proceed with litigation without paying the requisite filing fee. However, that danger alone is not cause to cursorily dismiss claims brought by frequent filers; rather, such allegations should be closely scrutinized by the courts when a review is made under § 1915. Thus, while a district court must construe a plaintiff's claims broadly and accept his allegations as true, a court is not required to "accept any and all allegations of injury as sufficient to forestall application of 28 U.S.C. § 1915(g)." Gibbs, 160 F.3d at 967. As stated above, case law in several circuits, including this circuit, is clear that a prisoner's claim of a past injury that is not recurring, failure to allege an injury at all, or making only conclusory allegations that do not rise to the level of imminent danger, are not sufficient to bar application of the Three Strikes Rule. See, e.g., Medberry, 185 F.3d at 1993; Abdul-Akbar, 239 F.3d at 307; Heimermann, 337 F.3d at 782; Martin, 319 F.3d at 1050; and White, 157 F.3d at 1231.

With this authority in mind, the Court now turns to the Complaint and Amended Complaint filed in this case. Therein, Plaintiff claims that he has been denied physical

---

[1] Miller v. Wetherington, et al., No. 99-12215-B (11th Cir. Feb. 3, 2000); Miller v. All Georgia Judges, et al., CV 104-082 (S.D. Ga. July 21, 2004); and Miller v. Brown, et al., CV 604-100 (S.D. Ga. Oct. 7, 2004).

therapy and necessary medical devices and/or treatments and that this denial is "resulting in bed sores, serious atrophy, and deterioration of his spinal condition." Viewed together, Plaintiff's existing medical condition as a paraplegic combined with these additional allegations of current danger of serious afflictions if he is not adequately treated are sufficient to trigger the imminent danger exception to the Three Strikes Rule. See Brown, 387 F.3d at 1350.

This Court, of course, acknowledges the fact that the United States Magistrate Judge solicited information outside the allegations contained in Plaintiff's Complaint and Amended Complaint prior to making his recommendations in this case. However, consideration of collateral evidence and argument in determining whether a plaintiff may proceed *in forma pauperis* is likely inappropriate. Rather, this is a decision that should be made by the Court on the basis of the allegations pled on the face of the Complaint. See e.g., Brown, 387 F.3d at 1350 ("the issue is whether [the plaintiff's] *complaint*, as a whole, alleges imminent danger of serious physical injury") (emphasis added); Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) ("Prior to denying leave to proceed IFP, courts must review a frequent filer prisoner's well-pled *allegations* to ensure that the prisoner is not 'under imminent danger of serious physical injury.'") (emphasis added). This Court did not find any case law placing the burden on a plaintiff, who seeks to proceed *in forma pauperis*, to come forward with evidence and argument establishing that he is actually in imminent danger of serious physical injury prior to the grant of *in forma pauperis* status.

The Court likewise notes that since the time the Complaint and Amended Complaint were filed in this case, Plaintiff, both at the direction of the Magistrate Judge

and at his own discretion, filed a number of documents in which he complains of injuries and dangers in addition to those stated in his complaints. Yet, as just stated, in determining whether a plaintiff may proceed *in forma pauperis*, the Court should look to the allegations in the complaint. A plaintiff may not amend his complaint by simply making additional or more explanatory allegations in subsequent filings. Additional allegations of injuries complained of in other documents cannot therefore form a basis for satisfying the exception to the Three Strikes Rule. Thus, based on a review of the allegations made in Plaintiff's Complaint and Amended Complaint alone, the Court finds that Plaintiff sufficiently pled facts to suggest the existence of an imminent danger of serious physical injury with respect to an alleged denial of medical care. He should thus be permitted to proceed *in forma pauperis* on this claim. However, this is the only claim pled by Plaintiff that sufficiently alleges "imminent danger of serious physical injury."

In his complaints, Plaintiff also claims that he has been placed in a cell too small for his wheelchair, that access to toilet and shower facilities is "inadequate," and that he is not able to "bathe regularly." The inability to shower and have access to a toilet at every inclination does not satisfy the requisite threshold under § 1915(g); neither does the fact that Plaintiff feels his cell is too small for his wheelchair. This simply is not a showing that Plaintiff is in "imminent danger of serious physical injury." Plaintiff's other claims of a conspiracy by prison and court officials to deny Plaintiff access to courts; punishment and retaliation by prison officials in the form of placing Plaintiff in isolation, taking away Plaintiff's wheelchair, labeling him as a sex offender and trouble maker, cursing at him, failing to provide Plaintiff with grievance forms in a timely manner, and fabricating

disciplinary reports; and denying Plaintiff access to telephones, are likewise insufficient to show that Plaintiff is in danger of any *physical* injury, serious, imminent, or otherwise.

Plaintiff's allegations that he was administered what he calls "Ciprofloxacin" without follow-up treatment, that there is a lack of adequate security officers in the dorm, that he is defenseless against attack from other inmates, and Plaintiffs claim of overcrowding all refer only to an attenuated potential for injury. These are merely general allegations and are not a sufficient showing of imminent danger, therefore these claims do not satisfy the requisite "imminent danger of serious physical injury."

Finally, Plaintiff claims that he is being subjected to second hand smoke and exposed to asbestos. Yet, these claims have not been sufficiently pled and supported with specific facts to demonstrate how these acts give rise to an "imminent danger of serious physical injury." See Fuller, 123 Fed. Appx. at 366 ("the inmate must provide specific fact allegations of ongoing serious physical injury . . . ."). Therefore, these claims also fail to meet the imminent danger exception. See Foster v. John Doe, 34 Fed. Appx. 963, 963 (5th Cir. 2002).

Accordingly, for the reasons outlined above, the Court will **ADOPT** the Recommendation of the United States Magistrate Judge, **in part** and will only **DECLINE** to **ADOPT** the recommendation with respect to Plaintiff's claims arising out of an alleged denial of medical care. Defendant's motion to dismiss is likewise due to be **GRANTED IN PART** and **DENIED IN PART**.[2] Plaintiff should be permitted to proceed as to his

---

[2] The Court notes, however, that even if Plaintiff is entitled to proceed *in forma pauperis* under the exception to the Three Strikes Rule, there may be some question as to whether

allegations involving a denial of physical therapy and necessary medical devices and/or treatments. All other claims are due to be **DISMISSED** in accordance with the Recommendation of the United States Magistrate Court. The Court further **DIRECTS** that this case again be **REFERRED** to the United States Magistrate Judge for any other action that might need to be taken.

     **SO ORDERED**, this 11th day of August, 2005.

                                         s/ C. Ashley Royal
                                         **C. ASHLEY ROYAL**
                                         **UNITED STATES DISTRICT JUDGE**

MHM/JLR/lth

---

Plaintiff's claims are nevertheless barred by his failure to exhaust his administrative remedies prior to bringing the present action. "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera, 144 F.3d at 731.