**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **TRACY A. MILLER,** | : |
| **Plaintiff,** | : |
| VS. | : 5:05-CV-29 (CAR) |
| **TYDUS MEADOWS, et. Al.,** | : |
| **Defendants.** | : |

**RECOMMENDATION**

This is a § 1983 action brought by a State of Georgia Prisoner who must be considered to be a frequent filer.[1] At the time the instant action was filed plaintiff was an inmate at Men's State Prison in Hardwick, Georgia (Doc. # 2, Complaint, ¶ 2). However, on August 11, 2005, he was transferred to Georgia State Prison at Reidsville, Georgia (Doc. # 34, ¶ 1). According to the Georgia Department of Corrections website plaintiff continues to be incarcerated at Georgia State Prison.

Due to the fact that this defendant had already amassed "three strikes" pursuant to the pertinent portions of the Prison Litigation Reform Act, the Magistrate Judge to whom this matter was initially assigned recommended that the complaint be dismissed without prejudice to plaintiff's right to re-file and pay the full civil filing fee when the complaint was re-filed. The District Judge to whom this matter is assigned concluded that the plaintiff, who is wheelchair bound, "sufficiently pled facts to suggest the existence of an imminent danger of serious physical injury with respect to an alleged denial of medical care. He should thus be permitted to proceed

---

[1] Miller has filed twenty-three or twenty-four previous law suits in the federal courts of this state.

*in forma pauperis* on this claim.  However, this is the only claim pled by Plaintiff that sufficiently alleges 'imminent danger of serious physical injury.'" (Doc. # 33, p. 9).  Thus the only claims presently before the court are that the plaintiff is, "being denied access to adequate physical therapy, medical treatments and/or medical devices." (Doc. # 33, p.2).

Although plaintiff sought to name as defendants all Georgia Prison Officials, Richard Pryor, Superior Court Judge, Sonny Perdue, Governor of the State of Georgia and Warden of Men's State Prison Tydus Meadows, only defendant Meadows has been ordered served and is therefore the only defendant at this time.  Plaintiff has been ordered to supplement his complaint to add any additional defendants employed at Men's State Prison relative to the above identified medical claims.  Plaintiff has filed that supplement which the court will address shortly.

This recommendation will address four motions filed by plaintiff which appear at documents numbered 31, 34, 36, and 38.  The court notes that plaintiff has filed several other motions, most of which seek restraining orders or injunctive relief.  These motions will be considered in the near future.  The court again notes however that at present the only defendant herein is Tydus Meadows at Men's State Prison and plaintiff has not been at that institution since August 2005.

In order to obtain injunctive relief, the plaintiff must prove that:  (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.  Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (11th Cir.

1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

> The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant "clearly carries the burden of persuasion" as to the four prerequisites." Canal Authority v. Callaway, 489 F.2d 567 (5th Cir. 1974). The burden of persuasion in all of the four requirements is at all times upon the plaintiff. Id. at 573.

U.S. v. Jefferson County, 720 F.2d 1511, 1519 (1983).

*Document # 31 - Plaintiff's Emergency Motion for Preliminary Injunction and Protective Order.*

In this motion, filed while he was at Men's State Prison, plaintiff complains that his custodians repeatedly placed him in proximity to inmates Travis Byrd and Hurmen Jackson, both of whom are on his enemy alert list and that he was physically attacked by them on three occasions. Plaintiff however, prays for no relief in his motion. These inmates were obviously housed with plaintiff at Men's State Prison when he filed his motion on June 14, 2005. As earlier noted this plaintiff was transferred out of that institution during August 2005. A prisoner's claim for declaratory and injunctive relief is mooted by his transfer or release from the facility about which he complains. Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986); McKinnon v. Talladega County, Alabama, 745 F.2d 1360 (11th Cir. 1984). Plaintiff does not appear to have complained about either of these inmates since his transfer from Men's State Prison. Therefore it is the **RECOMMENDATION** of the undersigned that this motion be **DENIED** as **MOOT.**

*Document # 34 - Motion for Emergency Preliminary Injunction and Protective Order filed*

*August 15, 2005*

*Document # 36 - Motion for Emergency Preliminary Injunction and Protective Order filed August 17, 2005*

In both of these motions plaintiff alleges that on August 11, 2005, he was the victim of a retaliatory transfer from Men's State Prison to Georgia State Prison as the result of his having filed grievances and this lawsuit and for helping other inmates with their lawsuits. He further alleges that he is not receiving adequate medical care at Georgia State Prison. Lastly, he still seems to be attempting to raise a claim under the Americans with Disabilities Act and the Rehabilitation Act.

With regard to those portions of the motions in which it is alleged that he is receiving inadequate medical care at Georgia State Prison it is to be noted that the single defendant herein at this time is Tydus Meadows, Warden of Men's State Prison. There are no defendants in this case employed at Georgia State Prison. Plaintiff is thus attempting to enjoin the conduct of and seek protective orders pertaining to individuals not parties to this lawsuit. For this reason it is the **RECOMMENDATION** of the undersigned that those portions of both motions pertaining to plaintiff's allegations of inadequate medical care at Georgia State Prison be **DENIED.**

Insofar as plaintiff seeks to raise a claim under the Americans with Disabilities Act and the Rehabilitation Act, those claims were not allowed to proceed in this instant action as the plaintiff has "three strikes" pursuant to the PLRA and must therefore pay the full civil filing fee in order to proceed under either of those acts.[2] Further, it is the finding of the undersigned that the earlier

---

[2] See the order of the Honorable C. Ashley Royal entered herein on August 11, 2005 at document # 33. "Thus, based on a review of the allegations made in Plaintiff's Complaint and Amended Complaint alone, the Court finds that Plaintiff sufficiently pled facts to suggest the existence of an imminent danger of serious physical injury with respect to an alleged denial of medical care. He should be permitted to proceed *in forma pauperis* on this claim. However, this is the only claim pled by Plaintiff that sufficiently alleges 'imminent danger of serious physical

cited Order of this Court notwithstanding, the plaintiff has failed to carry his burden of persuasion with respect to any of the four requirements necessary to justify granting injunctive relief as to these claims.  It is therefore the **RECOMMENDATION** of the undersigned that those portions of both motions pertaining to the Americans with Disabilities Act and the Rehabilitation Act be **DENIED.**

With regard to plaintiff's claims that he was transferred from Mens' State Prison to Georgia State Prison in retaliation for his having filed grievances, helping other inmates with their lawsuits and having filed this lawsuit, it is noted that retaliation against an inmate for filing administrative grievances and lawsuits may violate an inmate's First Amendment rights.  Wright v. Newsome, 795 F.2d 964, 967-68 (11th Cir. 1986).  An act in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper.  Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir. 1989). As previously noted however, plaintiff's claims in this action have been limited by the court to alleged inadequate medical care at Men's State prison.  Thus, his claims of retaliatory transfer are not properly before the court.  Plaintiff remains at liberty to pay the required filing fee and bring yet another action regarding the alleged retaliatory transfer.  Accordingly, it is the **RECOMMENDATION** of the undersigned that the motions appearing at documents number 34 and 36 be **DENIED** in their entirety.

*Document # 38 - Plaintiff's Emergency Motion for Assistance*

In this motion, which is extremely difficult to read, the plaintiff seems to be complaining

---

injury.'" (Order, p. 9).  "Plaintiff should be permitted to proceed as to his allegations involving a denial of physical therapy and necessary medical devices and/or treatments.  All other claims are due to be **DISMISSED** in accordance with the Recommendation of the United States Magistrate Court." (Order, p. 10 - 11).

that he was transferred from Georgia State Prison to Augusta State Medical Prison (presumably for the purpose of receiving medical treatment) but that his legal materials did not accompany him. Plaintiff states that, "there is no way plaintiff can file pleadings or answers complaint [sic]." It is noted however that since the filing of this motion plaintiff has filed at least nine subsequent documents, either motions or responses to defendant's motions. It is also noted that as earlier stated the Georgia Department of Corrections website indicates that this plaintiff is back at Georgia State Prison. Finally, it is again noted that defendant Tydus Meadows, Warden at Men's State Prison, had nothing to do with plaintiff's transfer to Augusta State Medical Prison and his separation from his legal materials, thus plaintiff is in effect seeking relief from individuals not a party to this lawsuit. To the extent that this motion can be considered as one seeking injunctive relief, plaintiff has once again failed to carry his burden of persuasion as to the necessary requirements for such relief. It is therefore the **RECOMMENDATION** of the undersigned that this motion be **DENIED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable C. Ashley Royal, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

    **SO RECOMMENDED,** this 23rd day of February 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE