IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRACY ANTHONY MILLER, | : |
| Plaintiff, | : |
| VS. | : |
| | :     5 : 05-CV-29 (CAR) |
| TYDUS MEADOWS, | : |
| Defendant. | : |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner §1983 action are numerous motions. Plaintiff must be considered to be a frequent filer, having filed some 23 or 24 previous lawsuits in the federal courts of this state. Pursuant to the PLRA, plaintiff was allowed to proceed with some claims in *in forma pauperis* status, having "sufficiently pled facts to suggest the existence of imminent danger of serious physical injury with respect to an alleged denial of medical care." (Doc. 33, p.9). Therefore, the only claims currently relevant to this lawsuit are plaintiff's claim that he is being denied access to adequate physical therapy, medical treatments and/or medical devices while incarcerated at Mens State Prison . (Doc. 33, p.2). It is important to note that plaintiff was transferred from Mens State Prison to August Medical State Prison in August of 2005, and subsequently to Georgia State Prison.

*1. Plaintiff's Motion to Stay (doc. 40)*

Plaintiff has filed a motion he entitles "motion to stay referred matter to the current magistrate judge." It is difficult to ascertain exactly what plaintiff is requesting in this motion. Plaintiff appears to request that no magistrate judge be allowed to work on this case, as all magistrate judges are biased against him and act as if they are district court judges. Inasmuch as plaintiff

wishes to have his case decided by a district judge, such is already the case.  In this district, magistrate judges make recommendations, which is what the undersigned is making herein, on all dispositive matters; these recommendations will then be considered by the district judge, and adopted, rejected, or modified.  It is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED** therefore as moot.

*2. Plaintiff's Motion for Preliminary Injunction (doc. 41)*

In order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (1990).  Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available.  Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

The preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting Canal Authority v. Callaway, 489 F.2d 567 (5th Cir.1974)).

Plaintiff states that he was placed in involuntary segregation as a result of self-catheterization on August 30, 2005 while at Augusta State Prison, and he was not allowed representation during a disciplinary proceeding.  Plaintiff also claims that he is not allowed to adequately prosecute this

action because his legal materials are confiscated. Plaintiff's allegations in this motion deal with events and individuals at Augusta State Medical Prison; none of those individuals are defendants herein, as this case has been limited strictly to a denial of medical care and treatment at Mens State Prison in Hardwick, Georgia.

The undersigned notes that plaintiff has sufficient access to the courts, as he files pleadings in this case as often as once per week. Judging from the volumes of motions and other filings in this case, there does not appear to be any denial of access to the court. None of the other allegations show that plaintiff is in danger of irreparable harm. Plaintiff has failed to satisfy any of the requirements necessary to entitle him to injunctive relief. Consequently, it is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**.

### 3. *Plaintiff's Motion for Protective Order (doc. 42)*

This appears to be a repeat of plaintiff's motion at document 41, and in fact was filed on the same day. For the reasons abovesaid, it is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**.

### 4. *Plaintiff's Motion for Reconsideration (doc. 43)*

Plaintiff in this motion reiterates his objections to the order of the district court judge allowing some of plaintiff's claims to go forward, but dismissing most of plaintiff's claims without prejudice. Obviously, the district judge to whom this case is assigned took into account plaintiff's first objections in deciding to adopt in part and reject in part the recommendation to dismiss all of plaintiff's claims. (See Doc. 33, 30). As this motion is simply repeating plaintiff's earlier objections, which were considered on their merits by the district judge, it is the RECOMMENDATION of the undersigned that this motion be **DENIED**.

*5. Plaintiff's Motion for Preliminary Injunction and to Set Aside Judgment (doc. 45)*

This motion was filed in September of 2005, dealing with events and individuals that do not pertain to plaintiff's incarceration at Mens State Prison. For the reasons above stated, it is the RECOMMENDATION of the undersigned that this motion be **DENIED**.

*6. Defendant's Motion to Dismiss complaint (doc. 49)*

Defendant contends that plaintiff's complaint should be dismissed because of plaintiff's failure to exhaust administrative remedies, and because plaintiff's transfer to another institution moots his ability to obtain injunctive relief and eliminates plaintiff's ability to take advantage of the imminent danger of serious physical injury exception found in the PLRA at 28 U.S.C. § 1915(g). In light of the fact that the undersigned is recommending that this action be dismissed due to plaintiff's failure to exhaust, the undersigned will not address the mootness claim of defendant.

Plaintiff contends that he has exhausted administrative remedies, and has attached copies of some grievances, as well as arguing that he fully exhausted by virtue of earlier lawsuits he has filed while in the prison system.

Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

The affidavit of Sarah Draper, who is the Manager of the Office of Investigations and Compliance for the Georgia Department of Corrections is attached to defendant's motion. In that

affidavit, Ms. Draper states that all prisons in the Department of Corrections maintain a grievance procedure, which is explained orally to inmates upon entering the system.  Also provided is a copy of the Orientation Handbook for Offenders, which further explains the proper procedure for filing grievances.

This case was filed by plaintiff on January 26, 2005.  According to records maintained at the prison, plaintiff never filed a formal grievance regarding these claims at Mens State Prison and never filed an appeal. (See Draper affidavit, Doc. 49).  Plaintiff has submitted several grievances in support of his contention that he has exhausted administrative remedies; however, one of these is dated January 21, 2005, just a few days prior to the filing of this lawsuit and the remainder are dated after the filing of this lawsuit.   (Doc. 55, 68, 69).   As a matter of common sense, plaintiff could not have exhausted administrative remedies in this matter as exhaustion could not have taken place during the four days between the filing of his grievance and the filing of this lawsuit.   Moreover, plaintiff has not alleged that he appealed the denial of that grievance, or otherwise exhausted administrative remedies.

Plaintiff also argues that he has adequately exhausted administrative remedies by virtue of grievances filed in another lawsuit, Miller v. King , 384 F.3d 1248 (11th Cir. 2004), grievances which allege the same facts; however, that lawsuit dealt with another prison located in the Southern District of Georgia,  Georgia State Prison in Reidsville, involving different defendants, well before the events giving rise to the current lawsuit.

Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of  Alexander v. Hawk is that a  prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this.

Given these circumstances, the court believes that dismissal is mandated for failure to exhaust administrative remedies.

Consequently, it is the RECOMMENDATION of the undersigned that defendants' motion for summary judgment be **GRANTED**.

*7. Plaintiff's Motion for Preliminary Injunction (doc. 50)*

In this motion for preliminary injunction, plaintiff describes events dating from December of 2005 that took place at another institution.  Plaintiff was transferred out of Mens State Prison in August of 2005.  This lawsuit is limited to the denial of medical care at Mens State Prison. Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**.

*8. Plaintiff's Motion for Preliminary Injunction and Protective Order (doc. 58)*

Again, in this motion plaintiff seeks to enjoin officials at August State Medical Prison from confining him in segregation.  Again, the undersigned notes that this lawsuit is limited to the denial of medical care at Mens State Prison.  Consequently, it is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**.

*9. Plaintiff's Motion for Preliminary Injunction and Protective Order( doc. 63)*

Again, plaintiff is requesting injunctive relief regarding events that transpired after plaintiff's transfer from Mens State Prison involving another institution.  Accordingly, it is the RECOMMENDATION of the undersigned that this motion be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable C. Ashley Royal, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 13th day of July, 2006.

                                     //S Richard L. Hodge
                                     RICHARD L. HODGE
                                     UNITED STATES MAGISTRATE JUDGE

msd