IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRACY ANTHONY MILLER, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : 5 : 05-CV-29 (CAR) |
| TYDUS MEADOWS, | : |
| | : |
| Defendant. | : |

RECOMMENDATION AND ORDER

Presently pending in this pro se prisoner §1983 action are numerous motions. Plaintiff must be considered to be a frequent filer, having filed some 23 or 24 previous lawsuits in the federal courts of this state.  Pursuant to the PLRA, plaintiff was allowed to proceed with some claims in in forma pauperis status, having "sufficiently pled facts to suggest the existence of imminent danger of serious physical injury with respect to an alleged denial of medical care."  (Doc. 33, p.9). Therefore, the only claims currently relevant to this lawsuit are plaintiff's claim that he is being denied access to adequate physical therapy, medical treatments and/or medical devices while incarcerated at Mens State Prison .  (Doc. 33, p.2).  It is important to note that plaintiff was transferred from Mens State Prison to Augusta State Medical Prison in August of 2005, and subsequently to Georgia State Prison. Plaintiff has filed numerous motions requesting injunctive relief or protective orders.

In order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause

the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (1990).  Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available.  Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

The preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.1983)  (quoting  Canal Authority v. Callaway, 489 F.2d 567 (5th Cir.1974)).

1. Plaintiff's Motion for Preliminary Injunction and Protective Order (doc. 64)

In this motion, plaintiff continues to complain of ongoing violations of his constitutional rights at Georgia State Prison and Augusta State Medical Prison.  As stated above, the only claims that have been allowed to go forward are plaintiff's claims of deliberate indifference to his medical needs at Mens State Prison, with the warden at Mens State Prison being the only defendant.  As plaintiff is currently complaining of issues taking place at Georgia State Prison, the claims are not within the purview of this lawsuit.  Plaintiff may file a separate suit against officials at Georgia State Prison.  However, it is the RECOMMENDATION of the undersigned that this motion be DENIED.

2. Plaintiff's Motion for Sanctions (doc. 70)

Plaintiff files this motion, requesting sanctions against defense attorneys for allegedly allowing plaintiff's constitutional rights to continue to be violated through his transfers to other institutions

within the Georgia Department of Corrections. This appears to be a request for preliminary injunction, or an attempt on plaintiff's part to amend his complaint to add defense attorneys. Again, these claims arise out of incidences taking place at other institutions that do not have anything to do with the claims that have been allowed to go forth herein concerning plaintiff's medical treatment at Mens State Prison. Accordingly, it is the RECOMMENDATION of the undersigned that plaintiff's motion be DENIED.

3. Plaintiff's Motion for an Extension of Time to file Objections (doc. 71)

Plaintiff requests an extension of 30 days in which to file his objections to the undersigned's previous recommendation. Such motion is DENIED as moot as plaintiff filed his objections on April 6, 2006.

4. Plaintiff's Motion for Preliminary Injunction (doc. 77)

Again, plaintiff is seeking injunctive relief because of incidences that have occurred since he was transferred out of Mens State Prison, dealing with other officials. Plaintiff continues to attempt to bootstrap every alleged constitutional violation into this lawsuit. Accordingly, it is the RECOMMENDATION of the undersigned that plaintiff's motion be DENIED.

5. Plaintiff's Motion to Clarify (doc. 78)

Plaintiff appears to ask in this motion how long it will take for the court to determine whether plaintiff is entitled to injunctive relief on his many motions. Plaintiff also appears to re-iterate his previous motions for injunctive relief. This motion is now moot by virtue of this recommendation, and it is therefore DENIED.

6. Plaintiff's Motion for Preliminary Injunction (doc. 81)

Again, plaintiff files this motion for injunctive relief relative to events transpiring at Georgia

State Prison in Reidsville. This lawsuit is limited to the denial of medical care at Mens State Prison. Plaintiff claims that defendant is part of a conspiracy that has followed plaintiff around from one institution to another. This is a very tenuous attempt to bootstrap into this lawsuit other institutions and other officials. Accordingly, it is the RECOMMENDATION of the undersigned that plaintiff's motion be DENIED.

7. Plaintiff's Motion for Protective Order (doc. 82)

Again, plaintiff complains of events that transpired after his transfer from Mens State Prison. In this motion, plaintiff complains of irregularities relative to disciplinary hearings he had while at Georgia State Prison. Plaintiff is free to file another lawsuit to address those events transpiring at Georgia State Prison, but this lawsuit should not be used by plaintiff to circumvent the PLRA. Accordingly, it is the RECOMMENDATION of the undersigned that plaintiff's motion be DENIED.

8. Plaintiff's Motion for Assistance (doc. 84)

In this motion, plaintiff alleges that officials at Georgia State Prison confiscated his legal materials and are trying to have plaintiff placed in the mental ward at the prison. Again, this lawsuit is limited to the denial of medical care at Mens State Prison. Events at Georgia State Prison are not appropriately included herein. Accordingly, it is the RECOMMENDATION of the undersigned that plaintiff's motion be DENIED.

9. Plaintiff's Motion for Protective Order (doc. 85)

Again, plaintiff is requesting that officials at Georgia State Prison return his legal materials and cease from attempting to place him under the care of mental health counselors. For the reasons aforesaid in paragraph 8, it is the RECOMMENDATION of the undersigned that plaintiff's

motion be DENIED.

10.  Plaintiff's Motion for Protective Order (doc. 87)

This motion is a repeat of several plaintiff has previously filed, dealing with incidents at Georgia State Prison.  Accordingly, for the reasons aforesaid, it is the RECOMMENDATION of the undersigned that plaintiff's motion be DENIED.

11.  Plaintiff's Motion to Compel (doc. 92)

Plaintiff again requests injunctive relief regarding events transpiring at Georgia State Prison. For all the reasons aforesaid, it is the RECOMMENDATION of the undersigned that plaintiff's motion be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable C. Ashley Royal, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

SO RECOMMENDED, this 13th  day of July, 2006.

    //S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd