**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **TRACY A. MILLER,** | : | |
| | : | |
| **Plaintiff,** | : | **5:05-CV-29 (CAR)** |
| **vs.** | : | |
| | : | |
| **JUDGE RICHARD PRYOR, et. al.,** | : | |
| | : | |
| **Defendants.** | : | |

_____

### *ORDER ON THE REPORT AND RECOMMENDATION*
### *OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court are the United States Magistrate Judge's Recommendations [Docs 93 and 94] to grant Defendants' Motion to Dismiss [Doc 49] for failure to exhaust administrative remedies, and to deny 19 other motions Plaintiff has filed in this case [Docs 40, 41, 42, 43, 45, 50, 58, 63, 64, 70, 71, 77, 78, 81, 82, 84, 85, 97 and 92].  Plaintiff has filed four Objections to the Recommendations [Docs 96, 97, 98, 99].   Having given *de novo* review to those portions of the Recommendation to which Plaintiff's objections were made, the Court hereby **ADOPTS**, in part, and **REJECTS**, in part, the Recommendation by the United States Magistrate Judge.  In accordance with the Recommendation, this Court DENIES Plaintiff's 19 motions  [Docs 40, 41, 42, 43, 45, 50, 58, 63, 64, 70, 71, 77, 78, 81, 82, 84, 85, 97 and 92].  Regarding Defendants' Motion to Dismiss [Doc 49], however, the Court CONVERTS it into a Motion for Summary Judgment.  As addressed more specifically below, the Court will allow limited discovery on the issue of whether Plaintiff exhausted his administrative remedies.

**DISCUSSION**

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are as available are exhausted."  42 U.S.C. § 1997e(a).   It is clear that under the PLRA, 42 U.S.C.A. § 1997e, the exhaustion requirement is a mandatory prerequisite to a prisoner filing suit.  See Woodford v. NGO, 126 S.Ct. 2378, 2382 (2006); Hall v. Richardson, 194 Fed. Appx. 835, 2005 WL 1939431 (11th Cir. 2005); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000); Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999); Alexander v. Hawk, 159 F.3d 1321, 1329 (11th Cir. 1998).   However, it is unclear whether the exhaustion requirement is jurisdictional. The Eleventh Circuit Court of Appeals states that it "has not yet decided whether a dismissal under § 1997e(a) amounts to a dismissal for failure to a state claim upon which relief may be granted, see Fed.R.Civ.P. 12(b)(6), or for lack of subject matter jurisdiction over the unexhausted claims, see Fed.R.Civ.P. 12(b)(1)."  Brown v. Sikes, 212 F.3d 1205, 1207, n. 2 (11th Cir. 2000).  The court in Brown further noted that "[m]ost courts addressing this issue have decided that § 1997e(a) is not a jurisdictional mandate. Id. (citing Nyhuis v. Reno, 204 F.3d 65, 69 n. 4 (3d Cir. 2000) wherein the court concludes "we agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction." (emphasis in original) (citations omitted)).

In this case, both parties have submitted evidence outside of the pleadings on the

2

issue of Plaintiff's exhaustion of remedies.  The Court may consider matters outside the pleadings, such as affidavits and testimony, when considering a motion to dismiss based on factual attacks pertaining to subject matter jurisdiction.  See  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  Defendants contend that this Court may consider the evidence submitted in this case because failure to exhaust administrative remedies under the PRLA is jurisdictional.  However, as explained above, this assertion remains unclear.  Therefore, the Court finds that the evidence submitted in this case is not within the scope of the evidence the Court can consider on a motion to dismiss without conversion to a motion for summary judgment under Rule 56.

When "[m]atters outside of the pleadings are presented to and not excluded by the Court, the motion [to dismiss] shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."  Fed. R. Civ. P. 12(b).  The Eleventh Circuit generally has strictly construed the requirement that, upon the conversion of a motion to dismiss into one for summary judgment, the parties must be notified of the conversion and given time to supplement the record. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002).  In accordance with this mandate, and as explained below, the Court will allow the parties to conduct limited discovery on the exhaustion issue and will be given time to supplement the record.

The Court also finds that Plaintiff's allegations in his Objections that prison officials intentionally impeded his ability to exhaust his administrative remedies makes dismissal for failure to exhaust administrative remedies premature and warrants further

3

discovery.  Plaintiff claims that despite his repeated requests, prison officials would not provide him with the grievance forms necessary to exhaust the administrative remedies. Plaintiff, throughout the pleadings in this case, has alluded that prison officials would not provide him grievance forms.  In his Complaint, Plaintiff stated that the "counselor refused to give me a grievance in time."  In his response to Defendants' Motion to Dismiss, Plaintiff wrote, "She [Miller's counselor] refused to provide Miller with a grievance forms [sic]"; and "Miller asks for some guidance as to how he is suppose to exhaust his administrative remedies when Counselor refused to file any of his grievances."  Because Plaintiff has consistently alluded to, if not alleged, that prison officials have impeded his ability to exhaust his administrative remedies, dismissal of the case at this point is unwarranted without further information and evidence on Plaintiff's claims.   By converting the motion to dismiss into one for summary judgment and allowing limited discovery on the exhaustion issue, Plaintiff will be given the opportunity to submit evidence pertaining to his claim that prison officials failed to provide him the necessary grievance forms thereby making exhaustion unavailable to him.

For the reasons stated above, the Recommendation is **HEREBY ADOPTED** in part and **REJECTED** in part.  In accordance with the Recommendation, Plaintiff's 19 motions [Docs 40, 41, 42, 43, 45, 50, 58, 63, 64, 70, 71, 77, 78, 81, 82, 84, 85, 97 and 92] are hereby DENIED.  Defendants' Motion to Dismiss [Doc 49] is hereby CONVERTED to a motion for summary judgment.  This case should be referred back to the United States Magistrate Judge with the following INSTRUCTIONS:

4

The parties may conduct discovery on the limited issue of whether Plaintiff exhausted his administrative remedies.  Such discovery shall conclude by September 4, 2006.  The parties are advised that any disputes regarding the discovery allowed by the Court on the issue of exhaustion are to be addressed with the Court by immediately scheduling a telephone conference with the Court for the discovery issue to be resolved.

The parties shall file on or before September 18, 2006, any additional material for the Court to consider on whether Plaintiff exhausted his administrative remedies. The parties shall also submit on or before September 18, 2006, any additional memoranda of law they wish the Court to consider on the issue.  Such memoranda shall not exceed ten (10) pages in length.

**SO ORDERED**, this 17th day of August, 2006.


S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE


SSH/aeg