IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRACY ANTHONY MILLER, | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | 5 : 05-CV-29 (CAR) |
| TYDUS MEADOWS, | : | |
| Defendant. | : | |

## RECOMMENDATION

Presently pending in this pro se prisoner §1983 action are numerous motions. Plaintiff must be considered to be a frequent filer, having filed some 23 or 24 previous lawsuits in the federal courts of this state. Pursuant to the PLRA, plaintiff was allowed to proceed in the action at bar with some claims in in forma pauperis status, having "sufficiently pled facts to suggest the existence of imminent danger of serious physical injury with respect to an alleged denial of medical care." (Doc. 33, p.9). Therefore, the only claims currently relevant to this lawsuit are plaintiff's claim that he is being denied access to adequate physical therapy, medical treatments and/or medical devices while incarcerated at Mens State Prison, and the only defendant is Warden Tydus Meadows. (Doc. 33, p.2). It is important to note that plaintiff has been transferred to other facilities from Mens State Prison, including Augusta Medical State Prison in 2005, and subsequently to Georgia State Prison; however, plaintiff is currently incarcerated once again at Mens State Prison.

1. Plaintiff's Motions for Injunctive Relief (docs. 95, 112, 113, 114)

Plaintiff has filed several motions for preliminary injunction at docs. 95, 112, 113, and 114.

In order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

The preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting Canal Authority v. Callaway, 489 F.2d 567 (5th Cir.1974)).

a. Plaintiff's Emergency Motion for Preliminary Injunction (doc. 95)

Plaintiff has filed an emergency motion for a preliminary injunction, concerning events on July 15, 2006. At that time, plaintiff was not incarcerated at Men's State Prison, but was instead confined at Georgia State Prison in Reidsville, Georgia. As noted above, this lawsuit is limited to certain specific issues at Men's State Prison; therefore, this court has no jurisdiction over any officials at Georgia State Prison. Consequently, it is the RECOMMENDATION of the undersigned that this motion be DENIED.

b. Plaintiff's Motion for Preliminary Injunction (doc. 112)

In this motion, plaintiff requests injunctive relief because another inmate was telling lies about

plaintiff to prison officials in September of 2006, causing officials to deny plaintiff grievance forms and adequate medical care. As stated many times before, this lawsuit is limited to certain officials at Mens State Prison. Plaintiff was not confined at Mens State Prison at the time of these new events, nor are any officials who are currently defendants in the case at bar involved in the current incidents of which plaintiff complains. Therefore, it is the RECOMMENDATION of the undersigned that this motion be DENIED.

c. Plaintiff's Motion for Preliminary Injunction (doc. 113)

This motion appears to be a repeat of the motion at doc. 112, naming certain officials who are NOT defendants in this action, nor that involve any actions at Men's State Prison. Nor does plaintiff seek to amend his original complaint, although he acts as if these five individual as well as the State of Georgia and the Department of Corrections are defendants. It is the RECOMMENDATION of the undersigned that plaintiff's motion be DENIED; if plaintiff is seeking to add parties or other claims to the lawsuit, he may file a motion to amend the complaint for the court's consideration; however, plaintiff is advised that any additional claims or parties should be limited to medical claims at Mens State Prison.

d. Plaintiff's Motion for Preliminary Injunction/Protective Order (doc. 114)

Plaintiff again requests injunctive relief to stop his retaliatory transfers between institutions, pointing out that he has been transferred from and to Mens State Prison multiple times since 1996. Miller alleges that the frequency of transfers is so that prison officials may claim that plaintiff's motions for injunctive relief are mooted by virtue of the transfer from that institution, thereby interfering with plaintiff's ability to file grievances and court documents. Plaintiff claims that defendant Tydus Meadows is spearheading the conspiracy with officials at other institutions to

thwart plaintiff's legitimate claims for injunctive relief.

Plaintiff, has repeatedly attempted to bootstrap other issues, other institutions, other defendants into this lawsuit by his frequent motions for preliminary injunctions and protective orders. By nature of the district judge's order of August 11, 2005 (doc. 33), and repeated ad nauseam to plaintiff in the undersigned's recommendations, this lawsuit is limited to the alleged denial of medical care, physical therapy, and/or medical devices at Mens State Prison. Consequently, it is the RECOMMENDATION of the undersigned that plaintiff's motion be DENIED.

2. Plaintiff's motion to Amend Complaint (doc. 117)

Plaintiff, who has been transferred back to Mens State Prison on or about May 30, 2007, now seeks to amend his complaint to add some claims regarding failure to follow prescribed treatment, and some other incoherent and confusing claims. This motion does not specify which official is responsible for any of these additional claims. Therefore, it is the RECOMMENDATION of the undersigned that this motion be DENIED at this time, and that plaintiff may refile a concise, detailed motion to amend the complaint that specifies what each defendant did or did not do that allegedly violated plaintiff's constitutional rights. However, because plaintiff is limited to the "imminent danger" exception under §1915, only claims concerning his alleged medical treatment at Mens State Prison will be considered.

3. Plaintiff's Motion to Amend Complaint/Protective Order (doc. 118)

Plaintiff seeks to add claims that defendants have intentionally interfered with plaintiff's ability to prosecute this action by transferring him to several other institutions around the state, failing to provide him access to legal material, law library, and grievance forms. That Eugenia Harrison, Deputy Warden of Care and Treatment at Mens State Prison told plaintiff not to file any

grievances, and that she was going to have him sent back to Augusta State Medical Prison. The rest of plaintiff's narration is a rambling account of several incidents that have occurred at Men's State Prison since his return. Because this motion is rather incoherent in several instances, it is the RECOMMENDATION of the undersigned that plaintiff's motion be DENIED, but that he be allowed to refile a concise, specific motion that details the exact officials plaintiff is seeking to have added to this lawsuit, specifying what plaintiff alleges that official did or did not do that violated plaintiff's constitutional rights. Again, because plaintiff is limited to the "imminent danger" exception of §1915, any amendments will be confined to the alleged denial of medical care at Mens State Prison.

4. Defendant's Motion to Dismiss Complaint/Motion for Summary Judgment[1] (doc. 49)

Defendant contends that plaintiff's complaint should be dismissed because of plaintiff's failure to exhaust administrative remedies, and because plaintiff's transfer to another institution moots his ability to obtain injunctive relief and eliminates plaintiff's ability to take advantage of the imminent danger of serious physical injury exception found in the PLRA at 28 U.S.C. § 1915(g).

Initially, plaintiff notes that he has been transferred back and forth to Mens State Prison multiple times over the course of his years of incarceration. Indeed, it appears that plaintiff is currently incarcerated at Mens State Prison, therefore his claims for injunctive relief are not moot, and the imminent danger exception is not eliminated.

---

[1]The undersigned earlier submitted a recommendation to grant defendants' motion to dismiss for plaintiff's failure to exhaust administrative remedies. The district judge to whom this case is assigned declined to adopt the recommendation as to the motion to dismiss, instead converting the motion to a motion for summary judgment, allowing for expanded discovery and additional response from the parties as to the issue of exhaustion.

Plaintiff contends that he has exhausted administrative remedies, and has attached copies of some grievances, as well as arguing that he fully exhausted by virtue of earlier lawsuits he has filed while in the prison system. Plaintiff also states that he repeatedly requested the necessary forms in order to file the grievances, but was ignored, and never allowed to file the forms.

Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

The affidavit of Sarah Draper, who is the Manager of the Office of Investigations and Compliance for the Georgia Department of Corrections is attached to defendant's motion. In that affidavit, Ms. Draper states that all prisons in the Department of Corrections maintain a grievance procedure, which is explained orally to inmates upon entering the system. Also provided is a copy of the Orientation Handbook for Offenders, which further explains the proper procedure for filing grievances.

This case was filed by plaintiff on January 26, 2005. According to records maintained at the prison, plaintiff never filed a formal grievance regarding these claims at Mens State Prison and never filed an appeal. (See Draper affidavit, Doc. 49). Plaintiff has submitted several grievances in support of his contention that he has exhausted administrative remedies; however, one of these

is dated January 21, 2005, just a few days prior to the filing of this lawsuit and the remainder are dated after the filing of this lawsuit. (Doc. 55, 68, 69). Plaintiff also argues that he has adequately exhausted administrative remedies by virtue of grievances filed in another lawsuit, Miller v. King, 384 F.3d 1248 (11th Cir. 2004), vacated and superseded by Miller v. King, 449 F.3d 1149 (11th Cir. 2006) grievances which allege the same facts; however, that lawsuit dealt with another prison located in the Southern District of Georgia, Georgia State Prison in Reidsville, involving different defendants, well before the events giving rise to the current lawsuit.

Plaintiff raised the recent Supreme Court decision of Jones v. Brock, 127 S.Ct. 910 (2007), where in the Supreme Court addressed certain issues relative to the exhaustion requirement. Specifically, the Court held that the Sixth Circuit's rule requiring a prisoner filing under the PLRA to have specifically filed a grievance against the same individuals later named in the suit, and the requirement that a failure to exhaust some but not all of the claims presented in a lawsuit mandates dismissal of the entire suit was not mandated by the PLRA, and that crafting and drafting such exceeds the proper role of the judiciary. Jones at 914.

Plaintiff's reliance on this case is misplaced. There are no such rules in the Eleventh Circuit, and plaintiff wishes to bootstrap the decision in the case to cover his assertion that his exhaustion of similar claims in other lawsuits against officials at other institutions equates with exhaustion at the current institution against current defendants is too far reaching.

However, plaintiff has filed what appears to be an affidavit, signed by himself, and two other inmates, (doc. 102), stating that plaintiff requested grievance forms on numerous occasions, and was told by several individuals, including defendant Warden Meadows, that plaintiff could not file a grievance, but instead to notify Meadows if plaintiff had issues regarding his medical care.

7

Plaintiff also asserts that he was verbally told that he could not file a formal grievance against any officers or staff at Mens State Prison, and that an investigation had to be conducted into any informal grievance. Plaintiff also states that he was told that he could not appeal an informal grievance (Doc. 96).

Plaintiff asserts that the grievance procedure is unconstitutional and invalid. However, "[s]ince exhaustion is now a pre-condition to suit, the courts cannot simply waive those requirements where they determine they are futile or inadequate. Such an interpretation would impose an enormous loophole in the PLRA, which Congress clearly did not intend. Mandatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply." Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).

It appears that plaintiff has provided adequate evidence in the form of his sworn statements and that of the other two inmates that despite his repeated attempts to file a grievance, officials at Mens State Prison would not allow plaintiff to file a grievance and repeatedly told him he could not file a grievance. It is difficult to believe that a plaintiff with Mr. Miller's extensive experience in filing §1983 actions over the course of more than a decade, especially in light of his previous success in litigating this issue (see, i.e. Miller v. Tanner, 196 F.3d 1190 (11th Cir. 1999)), would not have attempted in some way to file a grievance.

Consequently, it is the RECOMMENDATION of the undersigned that defendant's motion to dismiss/for summary judgment be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable C. Ashley Royal, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

SO RECOMMENDED, this 26th day of June, 2007.

                                                        //S Richard L. Hodge
                                                        RICHARD L. HODGE
                                                        UNITED STATES MAGISTRATE JUDGE

msd