**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **TRACY A. MILLER,** | : | |
| | : | |
| **Plaintiff,** | : | **5:05-CV-29 (CAR)** |
| **vs.** | : | |
| | : | |
| **TYDUS MEADOWS,** | : | |
| | : | |
| **Defendant.** | : | |

_____

## *ORDER ON THE REPORT AND RECOMMENDATION*
## *OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 120] to deny Defendant's Motion to Dismiss, which has been converted into a Motion for Summary Judgment [Doc 49] for failure to exhaust administrative remedies, and to deny six other motions Plaintiff has filed in this case [Docs 95, 112, 113, 114, 117, 118]. Plaintiff did not object to the Recommendation; however Defendant filed an Objection to the portion of the Recommendation denying the Motion to Dismiss/Motion for Summary Judgment. Plaintiff filed four responses to Defendant's Objection [Docs 122, 123, 127, 130]. Having given *de novo* review to the portion of the Recommendation to which Defendant's Objection was made, the Court hereby **ADOPTS in part** and **REJECTS in part** the Recommendation. In accordance with the Recommendation, this Court **DENIES** Plaintiff's six motions [Docs 95, 112, 113, 114, 117, 118]. Regarding Defendant's Motion to Dismiss/Motion for Summary Judgment [Doc 49], however, the Court **GRANTS** such motion due to Plaintiff's failure to exhaust administrative remedies.

**DISCUSSION**

Based on the evidence submitted at the time the United States Magistrate Judge issued his Recommendation to deny Defendant's Motion to Dismiss/Motion for Summary Judgment, the Magistrate Judge found that Plaintiff had provided adequate evidence establishing that officials at Mens State Prison would not allow Plaintiff to file a grievance. However, together with his Objection, Defendant submitted additional evidence showing that after Plaintiff was transferred to a new prison, he filed two grievances at his new institution. Such evidence establishes that Plaintiff had access to grievance forms subsequent to the events in this case and clearly had the ability to file an out-of-time grievance for alleged wrongdoings that occurred at Men's State Prison. Thus, this case must be dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies. See Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (court affirmed dismissal of plaintiff's complaint without prejudice for failure to exhaust administrative remedies "[s]ince [the prisoner] ha[d] not sought leave to file an out-of-time grievance [and thus could] not be considered to have exhausted his administrative remedies.").

Plaintiff responded to Defendant's Objection arguing first that Defendant's Objection was untimely filed. Plaintiff's timeliness argument, however, is without merit. Defendant had ten (10) days in which to object to the Magistrate Judge's Recommendation dated June 26, 2007. Fed. R. Civ. P. 6(a) and (e). When the period of time to be calculated is less than eleven (11) days, weekends and holidays are not counted. Fed. R. Civ. P. 6(a); Local Rule 6.3(a)(1). Here, the tenth day, not counting weekends or the Fourth of July holiday, was Wednesday, July 11, 2007. With the addition of the three (3) days for mailing under Federal Rule of Civil Procedure 6(e) and Local Rule 6.3(a)(1), the due date fell on Saturday, July 14, 2007. Because the due date

fell on a Saturday, the date was expanded until Monday, July 16, the date Defendant filed his

Objection.  See Fed. R. Civ. P. 6(a).  Thus, Defendant's Objection was timely filed.

Plaintiff also responded that while at the new prison he, in fact, attempted to file out-of-

time grievances regarding the alleged wrongdoings that occurred to him while incarcerated

Mens State Prison, but officials at the new institution "trashed" the grievances, refused to

process them, and made it essentially impossible for Plaintiff to file out-of-time grievances.

Plaintiff, again, is arguing that no grievance procedure was "available" for him to exhaust at his

new institution.  These allegations, however, are belied by unrebutted evidence establishing that

Plaintiff successfully obtained and submitted grievance forms for other matters.  (Def's

Objection, Ex. A.); see also Bryant v. Rich, 237 Fed. Appx. 429 , 432 (11th Cir. 2005).  Based

on the evidence before this Court, Plaintiff clearly had access to file out-of-time grievances at

the new institution regarding the alleged wrongdoings at Mens State Prison, but failed to file

them, thereby failing to exhaust his administrative remedies.

### CONCLUSION

For the reasons stated above, the Recommendation is **HEREBY ADOPTED** in part and

**REJECTED** in part.  In accordance with the Recommendation, Plaintiff's 6 motions [Docs 95,

112, 113, 114, 117, 118] are hereby **DENIED**.  Defendant's Motion to Dismiss/Motion for

Summary Judgment [Doc 49], however, is hereby **GRANTED**. Thus, pursuant to Harper v.

Jenkin, supra, Plaintiff's Complaint is hereby **DISMISSED without prejudice** for Plaintiff's

failure to exhaust administrative remedies.  Accordingly, all pending motions, including

Plaintiff's two pending Motions for Preliminary Injunction [Docs. 131, 136] are hereby

**dismissed as moot**.

**SO ORDERED**, this 5th day of November, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH